UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER H.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

CASE NO. 3:19-CV-6125-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes that that the Administrative Law Judge ("ALJ") erred in relying upon the vocational expert ("VE") to find that there were a significant

1    number of jobs Plaintiff could perform at step five of the sequential evaluation. Had the ALJ

2    properly considered this evidence, Plaintiff may have been found disabled at step five.

3        Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C.

4    § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings

5    consistent with this Order.

6            <u>FACTUAL AND PROCEDURAL HISTORY</u>

7        On September 14, 2016 and December 1, 2016, Plaintiff filed applications for DIB and

8    SSI respectively, alleging in both applications a disability onset date of October 31, 2014. AR

9    Administrative Record ("AR") 20, 177-78, 181-90, 191-96. Plaintiff subsequently amended his

10    disability onset date to August 3, 2015. AR 20, 61. His applications were denied upon initial

11    administrative review and on reconsideration. AR 20, 124-26, 128-30, 131-33. Two hearings

12    were held before ALJ Kimberly Boyce on March 26, 2018 and July 23, 2018. AR 52-57, 58-90.

13    In a decision dated October 22, 2018, the ALJ issued a written decision finding Plaintiff was not

14    disabled. AR 17-32. On September 26, 2019, the Social Security Appeals Council denied

15    Plaintiff's request for review, making the ALJ's written decision the final agency decision

16    subject to judicial review. AR 1-6; *see* 20 C.F.R. §§ 404.981, 416.1481.

17        In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) finding that there

18    were a significant number of jobs Plaintiff could perform at step five of the sequential

19    evaluation; (2) not providing germane reasons for discounting opinions from non-acceptable

20    medical sources; and (3) not providing clear and convincing reasons for discounting Plaintiff's

21    testimony. Dkt. 10, pp. 2-16.

22

23

24

1

STANDARD OF REVIEW

2     Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

3 social security benefits if the ALJ's findings are based on legal error or not supported by

4 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

5 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

6

DISCUSSION

7     **I.       Whether the ALJ erred at step five.**

8     Plaintiff contends that the ALJ erroneously found that there were a significant number of

9 jobs Plaintiff could perform at step five of the sequential evaluation. Dkt. 10, pp. 2-5.

10     At step five of the sequential evaluation, the burden shifts to the Commissioner to prove

11 that the claimant can perform other work in the national economy, given his or her age,

12 education, residual functional capacity ("RFC") and past work experience. *See Valentine v.*

13 *Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) (quoting *Embrey v. Bowen*, 849

14 F.2d 418, 422 (9th Cir.1988)); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) ("the burden

15 shifts to the Commissioner in step five to show that the claimant can perform other substantial

16 gainful work."). Other work "which exists in the national economy" means work which exists in

17 significant numbers either in the region where the individual lives or in several regions of the

18 country. 42 U.S.C. § 423(d)(2)(A).

19     Here, the ALJ, relying upon VE testimony, found that there were a significant number of

20 jobs Plaintiff could perform at step five. AR 30-32, 86-87. The jobs cited by the ALJ at step five

21 included small products assembler (776 jobs available in the national economy), production

22 assembler (789 jobs available in the national economy), and sub assembler (13,000 jobs

23 available in the national economy). *Id.*

24

1    As such, there would be a total of 14,565 jobs available in the national economy that

2    Plaintiff could perform given his age, education, work experience, and RFC. While it is the

3    ALJ's burden at step five to establish the existence of significant number of jobs a claimant

4    could perform, the Ninth Circuit has "never set out a bright line rule" as to what constitutes a

5    "significant number." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). The Ninth Circuit has

6    held that 25,000 jobs available in the national economy presented a "close call", but found that

7    this did constitute a significant number of jobs. *Gutierrez v. Comm. of Soc. Sec.*, 740 F.3d 519,

8    529 (9th Cir. 2014).

9    Defendant, citing a decision by this Court from 2010, argues that as few as 9,000 jobs can

10   constitute a "significant number" of jobs for purposes of Social Security regulations. Dkt. 11, p.

11   10, *Hoffman v. Astrue*, No. 09-CV-5252-RJB, available at 2010 WL 1138341, at *7 (W.D.

12   Wash. March 19, 2010).

13   The decision in *Hoffman* pre-dates the Ninth Circuit's ruling in *Gutierrez* by four years,

14   and in the years since, this Court has routinely found that fewer than 25,000 jobs available in the

15   national economy does not constitute a "significant number" of jobs. *See e.g. Richard S. v.*

16   *Comm'r of Soc. Sec.*, 3:19-CV-6037-DWC (W.D. Wash. May 1, 2020) (finding that 8,000

17   available jobs did not constitute a significant number); *James P. v. Saul*, 2:19-cv-1427-MAT

18   (W.D. Wash. April 7, 2020) (noting that the Ninth Circuit has not found fewer than 20,000 jobs

19   available in the national economy to be "significant" without inclusion of an "appreciable

20   number of available regional jobs"); *Ashley T. v. Comm'r of Soc. Sec.*, 3:19-CV-05207-JRC

21   (W.D. Wash. Sept. 12, 2019) (finding that 23,186 jobs available in the national economy did not

22   constitute a "significant number").

23

24

1    Given that the Ninth Circuit felt that 25,000 available jobs represented a "close call", the

2    Court cannot say that the number of available jobs in this case, 14,565, represented a

3    "significant" number. Accordingly, the ALJ erred in finding that there were a significant number

4    of jobs that Plaintiff could perform at step five of the sequential evaluation.

5    **II.    Other Issues.**

6    Plaintiff maintains that the ALJ erred by not providing valid reasons for discounting his

7    testimony, statements from his friends and family members, and an opinion from a treating nurse

8    practitioner. Dkt. 10, pp. 5-16. Because Plaintiff will be able to present new evidence and

9    testimony on remand, and because the ALJ's reconsideration of the record may impact her

10   assessment of this evidence, the ALJ shall instead reconsider this evidence as necessary on

11   remand.

12   **III.    Remedy.**

13   The Court may remand a case "either for additional evidence and findings or to award

14   benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court

15   reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

16   agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

17   Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

18   evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*,

19   211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

20       (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
         claimant's] evidence, (2) there are no outstanding issues that must be resolved
21       before a determination of disability can be made, and (3) it is clear from the
         record that the ALJ would be required to find the claimant disabled were such
22       evidence credited.

23

24

1    *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir.

2    2002). The Court is mindful that simply providing another opportunity to assess improperly

3    evaluated evidence, allowing the ALJ to have a "mulligan", does not qualify as a remand for a

4    "useful purpose" under the first part of the credit as true analysis. *Garrison*, 759 F.3d at 1021-22,

5    citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to

6    decide the issue again would create an unfair 'heads we win; tails, let's play again' system of

7    disability benefits adjudication.").

8         Here, the ALJ erred in finding that there were a significant number of jobs that Plaintiff

9    could perform at step five. However, the Court may remand on an open record for further

10   proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in

11   fact, disabled within the meaning of the Social Security Act." *Burrell v. Colvin*, 775 F.3d 1133,

12   1141 (9th Cir.2014) (quoting *Garrison*, 759 F.3d at 1021). The record here does not contain any

13   opinions from acceptable medical sources consistent with a finding of disability, and the record

14   creates significant doubt concerning whether Plaintiff is disabled. Accordingly, remand for

15   further administrative proceedings is the appropriate remedy.

16                                    <u>CONCLUSION</u>

17        Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

18   Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

19   this matter is remanded for further administrative proceedings in accordance with the findings

20   contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

21        Dated this 15th day of July, 2020.

22

23                                    _____

                                      David W. Christel

24                                    United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6